# DECISIONS OF CASES

# SPECIAL TERM,

## IN SEPTEMBER, 1845.

---

In the matter of the application of the Common Council of the city of Brooklyn, in relation to the opening of PACIFIC-STREET.

On the hearing of a motion to confirm the report of commissioners of estimate and assessment upon the laying out of a street in the city of Brooklyn, affidavits to sustain the report, which were not laid before the commissioners, may be read on the part of the corporation.

N. F. WARING presented the report of the commissioners of estimate and assessment in relation to the laying out and opening of Pacific-street, from Hicks-street to the East river, in the city of Brooklyn, with proof of the publication of notice of the application, and moved the confirmation of the report.

*W. C. Noyes,* in behalf of G. M. Patchin, who had duly appealed from the report, read the copies of sundry affidavits which had been delivered to the commissioners when the subject was before them, similar copies having been served with notice of the appeal, pursuant to the statute. (*Laws of* 1833, *p.* 502, § 7.)

*Waring* then presented several other affidavits, sworn to since the report was made, containing matters tending to sustain it. These were objected to by the counsel for the appellant.

*By the Court,* BEARDSLEY, J. The regularity of the appeal was not questioned; but the counsel for the corporation of Brooklyn proposed to read certain affidavits in opposition to the appeal and to sustain the report, and which were not at any time before the commissioners who made it. These were objected to by the counsel for the appellant, as inadmissible, the proceeding being, as he insisted, strictly appellate in its character, and therefore to be determined upon such matters as appear in the report and in the papers which were before the commissioners.

The appellant is plainly restricted to the use of such affidavits on the appeal as had been previously delivered to the commissioners. (*Laws of* 1833, *p.* 502, §§ 7, 8.) The latter section is direct that " copies of the affidavits which shall have been delivered and served as aforesaid, (but no others) may be read *against* confirming the said report." So far the proceeding is strictly appellate, but the section further provides that "affidavits may be also read to sustain the same." This enactment is without qualification or restriction, and I find nothing in the act which requires that it should be limited to such affidavits as were used before the commissioners. The act, indeed, does not contemplate that affidavits to sustain the report, or as a foundation for it, should have been presented to the commissioners at any time, nor, in my opinion, are they authorized to receive and act upon affidavits of that character at any stage of the proceedings before them. The commissioners are to be discreet and respectable freeholders ; (§ 1,) and although they are authorized " to hear the proofs and allegations of parties interested," (§ 2,) their report must, in a great degree, be the result of personal examination and reflection by the commissioners themselves. They are not required to report any of the proofs taken by them, or the grounds on which the report is made, but simply to state the estimates and assessments made by them, with appropriate descriptions of the premises to be taken in making the improvement, and of such as may be benefited thereby. (§ 2 *to* 8.) Before the report is finally reviewed and completed, persons interested " may offer objections in writing to the said report, and

In the matter of Pacific-street, Brooklyn.

accompany the same with such affidavits" as may be thought proper. (§ 7.) These objections and affidavits are to be considered by the commissioners in making their final review of the report, but are not to form any part of the report. If an appeal shall be taken, such affidavits as have been mentioned may be brought before the court by the appellant, but unless he complies with the requirements of the statute by serving copies thereof, such affidavits cannot be used or referred to on the hearing of the appeal.. The proceeding is anomalous, and although it is designated in the statute as an *appeal* from the report, I think the legislature intended affidavits to sustain the report might be read and used on the hearing of the appeal, although made, as those now presented were, since the completion of said report. The statute authorizing the use of affidavits for that purpose and object is general ; it is not limited to any particular class or description of affidavits, nor does it make their date material. The legislature not having indicated any such distinction, none, in my view of the question, can be made by the court. The affidavits in support of the report, which were offered and referred to on the argument, are competent, and have been considered in disposing of the appeal.

[Mr. Justice BEARDSLEY then proceeded to the examination of the questions of fact arising upon the appeal, and came to the conclusion that the report was right.]

There appears, therefore, nothing to excite a reasonable doubt but that substantial justice has been done to all the parties in interest. The appeal must therefore be overruled and the report confirmed.

Ordered accordingly.